DANIEL G. BOGDEN
United States Attorney
District of Nevada
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Fax: 702.388.5087
richard.lopez2@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:17-cr-00005-KJD-NJK |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT UNDER** |
| SETH WITTNER, | **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| Defendant. | |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and RICHARD ANTHONY LOPEZ, Assistant United States Attorney, the defendant SETH WITTNER and the defendant's attorney, MICHAEL D. PARIENTE, ESQ., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.   SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and SETH WITTNER (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.    DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.    <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to a Criminal Information charging the defendant with one count of:

**Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).**

The defendant also agrees to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information.

B.    <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.    The right to confront the witnesses against the defendant at such a trial and to cross-examine them;

3.    The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.    The right to testify in his own defense at such a trial if he so chooses;

5.    The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.      The right to have the assistance of an attorney at all stages of such proceedings.

C.    <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D.    <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III.   ELEMENTS OF THE OFFENSES

A.    The elements of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) are:

1.    The defendant knowingly possessed child pornography, as defined by 18 U.S.C. § 2256(8), or material which contained such child pornography;

2.    Such items of child pornography or material containing such child pornography had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer; and,

3.    The defendant knew that such item(s) or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

## IV.   FACTS SUPPORTING GUILTY PLEA

A.    The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B.    The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to

forfeit the specified property. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. In January of 2015, Homeland Security Investigations (HSI) Las Vegas initiated an online peer-to-peer investigation into the possession of child pornography from an Internet Protocol address in use at the defendant's home address.

2. On June 12, 2015, HSI executed a federal search warrant authorizing the search of the property and seized digital devices belonging to the defendant.

3. The defendant admits that forensic analysis of two of the devices located approximately 41 video files of child pornography, including multiple videos involving prepubescent male and female children performing sex acts with adults and other prepubescent children and at least one video involved sadistic or masochistic conduct involving a prepubescent female child. One video file located on one of the defendant's digital devices depicts a fully nude prepubescent girl under the age of 12 performing oral sex on an adult male. The adult male manipulates the young girl's head and ejaculates into the young girl's mouth. Another video file (over 5 minutes in duration) depicts a partially nude prepubescent girl under the age of 12 performing oral sex on an adult male. The adult male also vaginally penetrates the young girl with his erect penis and ejaculates on the young girl's face. Yet another video file depicts a young girl who appears to be between 5 and 6 years old. The young girl is handcuffed and partially nude. The young girl is vaginally penetrated with a sex toy and anally penetrated by an adult male's fingers. An adult male performs oral sex on the young girl.

4. The defendant admits that: (1) he knew the 41 video files referenced above contained child pornography; (2) he knowingly possessed that child pornography using the digital devices listed in Section X; and (3) he obtained that child pornography using the Internet, which is a facility of interstate commerce.

5. The defendant admits that the property listed in Section X is (1) any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of Title 18, United States Code, Section 2252A(a)(5)(B) or any property traceable to such property, and is subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3).

V. **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

VI. **APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are

advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

      B.    <u>Offense Level Calculations</u>. The parties stipulate and agree to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that the parties will not seek to apply any other specific offense characteristics, enhancements or reductions:

**Count 1: Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B):**

| | |
|---|---|
| Base Offense Level, USSG § 2G2.2(a)(1): | 18 |
| **Enhancements:** | |
| Material Depicted Prepubescent Minor(s), USSG § 2G2.2(b)(2): | +2 |
| Sadistic or Masochistic Conduct USSG § 2G2.2(b)(4): | +4 |
| Use of a Computer USSG § 2G2.2(b)(6): | +2 |
| 600 or More Images USSG § 2G2.2(b)(7)(D): | +5 |
| **Total Offense Level** | **31** |
| **Reductions:** | |
| Contingent Reduction for Acceptance of Responsibility USSG §3E1.1(a): | -2 |
| Contingent Reduction for Government Motion for Acceptance of Responsibility USSG §3E1.1(b): | -1 |
| **Adjusted Offense Level:** | **28** |

The parties agree and stipulate that no other specific offense characteristics will apply in this case. The defendant acknowledges that the statutory maximum sentence and any statutory

minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 28 (if two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.  <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.  <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII.  APPLICATION OF SENTENCING STATUTES

A.  <u>Maximum Penalty</u>. The maximum penalty for Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) is a 20 year prison sentence, a fine of $250,000, or both. *See* 18 U.S.C. § 2252A(b)(2); 18 U.S.C. § 3571(b)(3).

B.  <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.  **Parole Abolished.** The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.  **Supervised Release.** In addition to imprisonment and a fine, the defendant will be subject to a minimum term of supervised release of 5 years up to a maximum term of life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 20 years.

E.  **Special Assessment.** The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII.  POSITIONS REGARDING SENTENCE

The United States will recommend that the Court sentence the defendant to a period of confinement within the applicable Sentencing Guidelines range determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. Notwithstanding its agreement to make the above recommendation, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement, and may seek a downward adjustment pursuant to 18 U.S.C. § 3553 from any sentence the Court may impose.

## IX. RESTITUTION

The defendant acknowledges that the conduct to which he is entering a plea is gives rise to mandatory restitution to the victim(s) under 18 U.S.C. § 2259. The defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the defendant has been involved.

The United States and the defendant stipulate and agree that the child pornography images received, distributed, or possessed by the defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by others cause certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of the defendant.

In consequence of these factors, if the Government meets its burden under 18 U.S.C. § 2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), the defendant agrees to pay restitution in the amount of $3,000.00 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) and/or Child Recognition and Identification System (CRIS) and who requests restitution prior to sentencing, with the caveat that if the total number of victims results in amount of restitution exceeding $50,000.00 total, neither party shall be bound by this subsection and the restitution amount will be litigated or renegotiated.

The defendant further acknowledges that his offense conduct occurred after May 29, 2015, and unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count must be imposed pursuant to the Justice for Victims of Trafficking Act of 2015 which amends 18 U.S.C. §3014.

X.   **FORFEITURE**

The defendant knowingly and voluntarily:

A.   Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

   1. Apple All In One, S/N WQ0272ZCDAS; and
   2. WD External Hard Disk Drive, S/N WX41AA3F9787

(all of which constitutes property);

B.   Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

C.   Abandons or forfeits the property to the United States;

D.   Relinquishes all right, title, and interest in the property;

E.   Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

F.   Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

G.   Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

H.   Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

I.   Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

J.   Waives his right to a jury trial on the forfeiture of the property;

K.  Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

L.  Agrees to the entry of an Order of Forfeiture of the property to the United States;

M.  Waives the right to appeal any Order of Forfeiture;

N.  Agrees the property is forfeited to the United States;

O.  Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

P.  Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

Q.  Agrees to take all steps as requested by the United States to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. The defendant acknowledges that failing to cooperate in full in the forfeiture of the property constitutes a breach of this Plea Agreement.

## XII.  SEX OFFENDER REQUIREMENTS (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et. seq.*, he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42

U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

## XIII. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XIV. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

1. He has read this Plea Agreement and understands its terms and conditions;

2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3. He has discussed the terms of this Plea Agreement with his attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. **Waiver of Appeal and Post-Conviction Proceedings**. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and, (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. **Removal / Deportation Consequences**. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under

the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal / deportation consequences with his attorney.

XV.   **ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements, or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 2.23.17

RICHARD ANTHONY LOPEZ
Assistant United States Attorney

DATE 2-23-17

MICHAEL D. PARIENTE, ESQ.
Counsel for the Defendant

DATE 2-23-17

SETH WITTNER
Defendant