**MEM**
THE PARIENTE LAW FIRM, P.C.
MICHAEL D. PARIENTE, ESQ.
Nevada Bar No. 9469
3960 Howard Hughes Parkway, Suite 615
Las Vegas, Nevada 89169
(702) 966-5310
Attorney for Defendant

PARIENTE LAW FIRM. P.C.
3960 Howard Hughes Pkwy,, Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
WWW.PARIENTELAW.COM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.: 2:17CR00005-001 |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| SETH WITTNER, | |
| Defendant. | |

### SETH WITTNER'S SENTENCING MEMORANDUM

Defendant SETH WITTNER, through undersigned counsel, submits this memorandum in advance of sentencing.  As explained below, Mr. Seth Wittner respectfully contends that a sentence of probation would satisfy the objectives set forth in 18 U.S.C. § 3553(a).

### BACKGROUND AND PROCEDURAL HISTORY

On February 23, 2017, Mr. Wittner pleaded guilty to one count of Possession of Child Pornography, a violation of 18 USC § 2252A(a)(5)(B).  He was given a personal recognizance bond and has been in compliance with the terms of his pre-trial release.

The probation officer subsequently prepared a Presentence Investigation Report ("PSR").  The PSR assigned Mr. Wittner a Total Offense Level of 28, reflecting a Base Offense Level of 18, plus 13 levels for a various Specific Offense Characteristics, minus

1

PARIENTE LAW FIRM, P.C.
3960 Howard Hughes Pkwy,, Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
WWW.PARIENTELAW.COM

3 levels for his full and timely acceptance of responsibility.  Combining this Total

Offense Level of 28 with Mr. Wittner's Criminal History Category of I, the PSR

determined that he faces an advisory Guidelines range of 78 months to 97 months.

**DISCUSSION**

It is now well-established that the Court should perform the following four steps

when sentencing a defendant: (1) calculate the sentencing range recommended by the

advisory Guidelines; (2) determine whether a sentence within that range, and within

statutory limits, serves the factors set forth in 18 U.S.C.§ 3553(a), and, if it does not,

select a sentence that does serve those factors; (3) implement any applicable

mandatory statutory limitations; and (4) articulate the reasons for selecting the

particular sentence and, if applicable, explain why a sentence outside the advisory

Guidelines range better serves the relevant sentencing purposes set forth in 18 U.S.C.

§ 3553(a).  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

> A district court is required to "consider" the § 3553(a) factors both in the initial
> imposition of a sentence and in any subsequent reduction of a sentence after the
> modification of a guidelines range by the Sentencing Commission. *See* 18 U.S.C.
> § 3582(a) (upon imposition of term of imprisonment, sentencing court "shall
> consider the factors set forth in section 3553(a) to the extent that they are
> applicable"); 18 U.S.C. § 3582(c)(2) (court "may reduce the term of imprisonment,
> after considering the factors set forth in section 3553(a) to the extent they are
> applicable").

*U.S. v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013)

**A. The Court Should Downwardly Depart from the Advisory Guidelines**

Under the first step of the sentencing process outlined above, the Court should

calculate Mr. Wittner's advisory Guidelines.  Although Mr. Wittner's advisory

Guidelines range is 78-97 months, the Guilty Plea Agreement in this case allows him

to argue for a sentence as low as probation in Zone A.  Taking these factors into

2

account, Mr. Wittner respectfully submits that the Court should grant his request for a downward departure.  This Honorable Court has the discretion to depart downwards. Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," *Kimbrough*, 128 S. Ct. at 570 (internal quotation marks omitted), and when they do, the courts of appeals may not "grant greater fact-finding leeway to [the Commission] than to [the] district judge." *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007).

## B. Consideration of the § 3553(a) Factors Supports an Advisory Guidelines Sentence of Probation

In conducting the second step of the sentencing process, "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).  The Court should consider, among other factors, (1) the nature of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, medical care, and/or correctional treatment; (3) the kinds of sentences available; and (4) the need to avoid unwarranted sentencing disparities among defendants.  *Id.*

### i.  Nature and Circumstances of the Offense

Mr. Wittner respectfully submits that a sentence of probation would more than reflect the nature and seriousness of his offense.  As set forth in the PSR, Mr. Wittner did possess various child pornographic videos.  Mr. Wittner has never been arrested or accused of having produced a child pornographic image, nor has he ever been arrested

3

or accused of having had inappropriate conduct with a minor child.  There is no evidence that Mr. Wittner ever participated in collecting and viewing these types of images previously.

Mr. Wittner has acknowledged his wrongful conduct and accepts that some sort of punishment is necessary.  Although a serious offense, it should be noted that this is not a typical federal child pornography case with thousands of images and videos seized.  Mr. Wittner was found to have on his computer a total of 41 videos, five of which were duplicates bringing the total to 36 videos.

### ii.  History and Characteristics

A sentence of probation or any combination of sentencing options involving home confinement or a halfway house would also reflect Mr. Wittner's positive history and characteristics.  Mr. Wittner has numerous friends and family who attest to his overall great character.  Attached are letters from his sister and two co-workers who attest that he is a decent and hardworking man who acted totally out of character in possessing these images.  The first letter is from his sister Wendy Perrone.  The second letter is from Peter Cattan who has known Mr. Wittner since 1969 when the two met in college.  The third letter is from Dr. Mohamed Ahmed, M.D. who has worked with Mr. Wittner for many years.  The common thread that ties these letters together is that Mr. Wittner has been a responsible, caring, compassionate, hard working physician assistant who is multitalented as evidence by his ability to speak multiple languages and compose symphonies.

Mr. Wittner also, on his own, began seeing a counselor for his problems which form the basis of the criminal charges for which he will be sentenced.  Attached is an

4

PARIENTE LAW FIRM, P.C.
3960 Howard Hughes Pkwy, Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
WWW.PARIENTELAW.COM

evaluation from Dr. Mark Chambers which lists Mr. Wittner as a low risk to reoffend based on three tests performed by Dr. Chambers on Mr. Wittner. Also attached is a summary treatment letter from Daniel Berarducci who has been treating Mr. Wittner with at least 20 counseling sessions since January 14, 2017.

Mr. Wittner has otherwise lived an exemplary life, both personally and professionally. As noted in the PSR, Mr. Wittner has no prior criminal record. He is educated, having earned a Bachelor's Degree and a Master's Degree. He has worked his entire life as a productive citizen and has composed symphonies for the Dallas Symphony Orchestra, the Denver Orchestra and for the San Juan Capistrano Symphony.

Mr. Wittner is deeply remorseful for his crime. This has been the most important lesson for Mr. Wittner who has vowed that he will never do anything like this again. He also will seek to restore the trust that once existed in his relationship with family, friends and co-workers. While his friends, family and co-workers remain supportive, they feel let down by Mr. Wittner's terrible decision to allow this wrongful conduct to put this kind of strain on his relationship with them, and Mr. Wittner feels a terrible sense of guilt for letting them down.

Mr. Wittner's willingness to ask for the forgiveness of those closest to him and of this Court is in keeping with the character and integrity Mr. Wittner has exhibited throughout his life, notwithstanding his criminal conduct in this case.

**iii. Seriousness of the Offense, Just Punishment, and Adequate Deterrence**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARIENTE LAW FIRM. P.C.
3960 Howard Hughes Pkwy., Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
WWW.PARIENTELAW.COM

Mr. Wittner will forever be labeled as a "sex offender" and will be under lifetime supervision.  His felony status coupled with his status as a sex offender will close many doors of opportunities that once existed and will likely result in the loss of his licenses to work as a licensed physician assistant.  The profession in which he once flourished and helped many patients will no longer be an option for him.

A probationary sentence more than deters Mr. Wittner from committing future crimes of this nature.  It would be difficult to argue that a sentence of probation with lifetime registration as a sex offender provides more of a deterrence than a sentence of imprisonment.  A sentence of probation, home confinement, or halfway house, coupled with lifetime supervision is sufficient deterrence.

Finally, Mr. Wittner is no longer a threat to the community as evidenced in his 100% compliance with house arrest.  He continues to this day on House Arrest in his federal charges and has unfailingly abided by each condition imposed on him.

## CONCLUSION

Wherefore, for the foregoing reasons, Mr. Wittner respectfully requests that the Court depart downward from the Federal Sentencing Guidelines and sentence Mr. Wittner to probation, home detention, halfway house or a combination thereof.

Respectfully submitted,

_____
MICHAEL D. PARIENTE, ESQ.
The Pariente Law Firm, P.C.,
3960 Howard Hughes Pkwy, Suite 615
Las Vegas, Nevada 89169
Attorney for Defendant

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PARIENTE LAW FIRM, P.C.
3960 Howard Hughes Pkwy., Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
WWW.PARIENTELAW.COM

# Exhibit D-1

1

2

**CERTIFICATE OF SERVICE**

3     I hereby certify that on this 30th day of May, 2017, I electronically filed the

4

5     foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system,

6     which will send notification of such filing to Tony Lopez, Esq., Assistant U.S. Attorney,

7     U.S. Attorney's Office, 501 Las Vegas Blvd. South, Suite 1100, Las Vegas, Nevada

8     89101.

9

10

11                                                           _____

12                                                           MICHAEL D. PARIENTE, ESQ.

13

**PARIENTE LAW FIRM, P.C.**
3960 Howard Hughes Pkwy., Suite 615
Las Vegas, NV 89169
PHONE: (702) 966-5310 | FAX: (702) 953-7055
**WWW.PARIENTELAW.COM**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28