**MEM**
THE PARIENTE LAW FIRM, P.C.
MICHAEL D. PARIENTE, ESQ.
Nevada Bar No. 9469
3960 Howard Hughes Parkway, Suite 615
Las Vegas, Nevada 89169
(702) 966-5310
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SETH WITTNER,<br><br>    Defendant. | Case No.: 2:17CR00005-001<br><br>**MOTION TO RECONSIDER IMPOSED SENTENCE** |

Comes now Defendant SETH WITTNER, through undersigned counsel, and files his Motion to Reconsider Imposed Sentence.

Dated this 25th day of June 2017.

                                                  Respectfully submitted,

                                                  */s/ Michael D. Pariente*

                                                  Michael D. Pariente, Esq.
                                                  Attorney for Defendant Seth Wittner

1

## **MEMORANDUM**

This Honorable Court sentenced Mr. Wittner to 78 months of incarceration on June 20, 2017. When considering Mr. Wittner's sentence, the Court reviewed a psychosexual evaluation prepared by Dr. Mark Chambers. This evaluation was performed by Dr. Chambers because Mr. Wittner had sought treatment for his problem with viewing child pornography and also for possible sentencing mitigation.

Mr. Wittner submits that for the Court to, in essence, punish him for admissions he made to his therapist for the purpose of identifying and treating his addiction chills defendants from seeking therapy for sexual addictions to certain types of pornography. Mr. Wittner argues that punishing him because of truthful statements he made to his therapist for treatment -- wherein he was seeking help for his problem -- is akin to punishing a drug addict who admits to his therapist that he has used drugs in the past in addition to the present offense.

In order for any defendant to benefit from meaningful therapy for sexual addictions, it is imperative that the defendant be honest with his or her treating therapist. It is unduly harsh to encourage defendants to admit their addictions to their therapists and subsequently punish them for being honest by imposing harsher sentences. Punishing defendants for statements they make while seeking help from a treating therapist sends the wrong message to other defendants. That message is lie and don't admit to any prior history of the offending conduct and benefit from possibly receiving a lesser sentence.

Mr. Wittner also contends that the Court incorrectly stated that Mr. Wittner's last relationship was in 1974. This is not accurate as Mr. Wittner was married in 1978. In fact, Mr. Wittner has had several relationships over the past twenty years with adult women.

Finally, Mr. Wittner requests this Honorable Court to recommend him for the maximum halfway house time permitted under the Second Chance Act of 2007 (SCA) if he in fact becomes eligible for such placement.

## **CONCLUSION**

Wherefore, for the foregoing reasons, Mr. Wittner respectfully requests that the Court reconsider its imposed sentence and grant a meaningful variance with a recommendation for the maximum halfway house time permitted by the SCA.

Respectfully submitted,

*/s/Michael D. Pariente*

MICHAEL D. PARIENTE, ESQ.
The Pariente Law Firm, P.C.,
3960 Howard Hughes Pkwy, Suite 615
Las Vegas, Nevada 89169
Attorney for Defendant

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2017, I electronically filed the foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Tony Lopez, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, 501 Las Vegas Blvd. South, Suite 1100, Las Vegas, Nevada 89101.

*/s/ Michael D. Pariente*

MICHAEL D. PARIENTE, ESQ.