STEVEN W. MYHRE
Acting United States Attorney
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
richard.lopez2@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>SETH WITTNER,<br><br>　　Defendant. | Case No. 2:17-cr-00005-KJD-NJK<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER IMPOSED SENTENCE<br>[ECF 23] |

The United States of America, by and through Steven W. Myhre, Acting United States Attorney, and Richard Anthony Lopez, Assistant United States Attorney, hereby responds in opposition to Defendant Seth Wittner's Motion to Reconsider Imposed Sentence (ECF 23). Not only does the Court lack the power to "reconsider" the Defendant's sentence, but (even if it could) the Defendant gives no good reason to do so. Accordingly, the Court should DENY the Defendant's motion.

I.   **RELEVANT FACTS**

On May 30, 2017, the Defendant filed a sentencing memorandum requesting probation. (ECF 17.) In support of that request, the Defendant attached an

evaluation from Dr. Mark Chambers, a clinical and forensic psychologist. (Id. at 11-17.) The Defendant claimed that the § 3553(a) factors supported a sentence of probation in part because this evaluation "lists [the Defendant] as a low risk to reoffend based on three tests performed by Dr. Chambers . . . ." (Id. at 5.) That same evaluation, however, disclosed the Defendant's extensive history of collecting and viewing child pornography. (See, e.g., id. at 13 ("The defendant indicated that the height of his child pornography collecting and viewing was in 2014. He estimated that he interacted with this material 3 to 5 times a week, up to 5 or 6 hours at a time, downloading as many as 20,000 files.").)

Furthermore, the admissions made by the Defendant during his evaluation with Dr. Chambers either directly contradicted or severely undermined several the reasons the Defendant offered the Court for giving him probation:

| The Defendant's Claim | Admission to Dr. Chambers |
|---|---|
| "There is no evidence [the Defendant] ever participated in collecting and viewing these types of images previously." (ECF 17 at 3.) | "The defendant indicated that the height of his child pornography collecting and viewing was in 2014." (Id. at 13.) |
| Letters from friends and family attested that the Defendant "acted totally out of character in possessing these images." (Id. at 4.) | "[T]he defendant explained that it was 'psychologically difficult' to 'get out of the habit' and was 'weaning' himself off of child pornography 'stepwise.'" (Id. at 12.) |
| "[T]his is not a typical federal child pornography case with thousands of images and videos seized." (Id. at 4.) | "[The Defendant] has begun to use specialty software to delete and clean his child porn files . . . ." (Id. at 12.) |

At sentencing, the Court imposed a low-end term of incarceration of 78 months. Now, the Defendant complains that the Court considered the entirety of the evaluation he submitted with his sentencing memo and (citing no legal authority) asks the Court to reconsider its imposed sentence.

2

## II. ARGUMENT

### A. The Defendant Identifies No Legal Basis for Reconsideration.

"'[T]there is simply no such thing as a motion to reconsider an otherwise final sentence.'" United States v. James, 639 F. App'x 834, 836 (3d Cir. 2016) (quoting United States v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006)). "Congress long ago abrogated this common-law practice in the sentencing context." United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014). Instead, "[o]nce a sentence has been imposed, . . . , it is final, and the trial judge's authority to modify it is narrowly circumscribed." Dolan v. United States, 560 U.S. 605, 622 (2010).

Under 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. "Two of the exceptions are irrelevant here; one requires a motion from the Bureau of Prisons, § 3582(c)(1)(A), and the other a change in the applicable sentencing guidelines, § 3582(c)(2)." Townsend, 762 F.3d at 645. "The remaining exception applies more generally but is restrictive in nature: The court may modify a sentence only to the extent 'expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" Id. (quoting 18 U.S.C. § 3582(c)(1)(B)).

Even then, "[s]entence modification under Rule 35 is extremely limited. In the absence of a motion from the government, the court has authority to modify a sentence only if the sentence originally imposed 'resulted from arithmetical, technical, or other clear error . . . .'" Id. (quoting Fed. R. Crim. P. 35(a)). "The authority to correct a sentence under this subdivision is intended . . . to extend only to those cases in which an obvious error or mistake has occurred in the sentence,

that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . ." Fed. R. Crim. P. 35(a) advisory committee's note (1991).

"Viewed as a whole, Rule 35(c) [renumbered as Rule 35(a)] clearly is intended to allow a district court to modify a sentence only in very limited instances and not merely to 'reconsider' sentencing issues." United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (relying on Rule 35 advisory committee's note); see also Fed. R. Crim. P. 35 advisory committee's note (1991) ("[Rule 35(a)] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.").

Even assuming the Defendant's motion seeks relief under Rule 35(a) (cited nowhere in his motion), he identifies no "arithmetical, technical, or other clear error" in the sentence imposed by the Court. The Defendant instead suggests that relying on his admissions to Dr. Chambers does not make for good policy (a claim the Government disputes below), but he makes no claim that doing so qualifies as error of any kind (see generally ECF 23) and is therefore not eligible for relief.

**B.     By Considering the Entirety of the Evidence Submitted by the Defendant, the Court Did Not Punish Him for His Honesty.**

In claiming the Court was "unduly harsh" by "punish[ing] [him] for being honest" with his therapist, the Defendant presents the Court with a false choice: either ignore his damaging admissions or defendants will have an incentive to lie to their therapists. (ECF 23 at 2.) Rather, any defendant who does not want the Court

to consider admissions made to a therapist need only decline to submit evidence placing the content of those conversations at issue.

According to the Defendant, he should be able to have his cake and eat it too. He asks the Court to consider Dr. Chambers' favorable conclusions about his lack of violent tendencies, but ignore the admissions he made to Dr. Chambers, even those that directly contradict the claims made in his sentencing memo.

Courts have resoundingly rejected a similar argument in the privilege context, ruling that parties may not use the attorney-client privilege as both a sword and a shield in either civil or criminal proceedings. "The sword-shield rulings stand for basic fairness – a party should not be allowed to use work product affirmatively to gain some advantage in litigation, and at the same time withhold the work product from scrutiny by asserting the work product protection." In re Bard Ivc Filters Prod. Liab. Litig., 2016 WL 537587, at *9 (D. Ariz. Feb. 11, 2016); see also United States v. Sanchez, 2013 WL 1397081, at *2 (C.D. Cal. Feb. 28, 2013) ("The purpose of this rule is to prevent a party from using the attorney-client privilege 'both as a shield and as a sword' by asserting claims that the opposing party cannot adequately and intelligently dispute without access to the privileged information.").

The Defendant here wants to use the sword of Dr. Chambers' conclusions, but shield the admissions the Defendant made during the course of his evaluation. Yet, nobody forced the Defendant to disclose the admissions in the Chambers evaluation to the Court. In fact, the Government was not even aware of the evaluation until the Defendant submitted it as evidence in support of his request for probation. But disclosing those admissions was the price the Defendant paid for placing the content

of his evaluation at issue.[1] As evidence often does, that evaluation included both favorable and unfavorable facts for the Defendant.

Defendants in cases like this need not choose between honesty and fraud when interacting with a therapist. Rather, they need only consider carefully whether on balance the opinion of that therapist helps them or not.

### III. CONCLUSION

For the above reasons, the Government respectfully requests that this Court deny the Defendant's motion for reconsideration of the sentence imposed.

DATED this 27th day of June, 2017.

>                                           Respectfully submitted,
>                                           STEVEN W. MYHRE
>                                           Acting United States Attorney
>
>                                            */s/Richard Anthony Lopez*
>                                           RICHARD ANTHONY LOPEZ
>                                           Assistant United States Attorney

---

[1] The Defendant's counseling sessions with Daniel Berarducci provide a helpful counterexample. The Defendant asked the Court to consider that he had undergone 31 sessions with Mr. Berarducci since August 2016. The Court and the Government are not aware of what admissions the Defendant made during those sessions because the Defendant is only relying on the fact that he participated in those sessions, not the conclusions Mr. Berarducci reached based on those sessions.

**CERTIFICATE OF SERVICE**

I, Richard Anthony Lopez, hereby certify that I am an employee of the United States Attorney's Office for the District of Nevada and that on this day I served an electronic copy of the above GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER IMPOSED SENTENCE on Counsel of Record via Electronic Case Filing (ECF).

Dated: June 27, 2017

/s/ *Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney