```
                    ─TRANSCRIBED FROM DIGITAL RECORDING─
```

1                   IN THE UNITED STATES DISTRICT COURT

2                       FOR THE DISTRICT OF NEVADA

3    UNITED STATES OF AMERICA,        )  Case No. 2:17-cr-005-KJD-NJK
                                      )
4                 Plaintiff,          )  Las Vegas, Nevada
                                      )  Tuesday, June 20, 2017
5          vs.                        )  Courtroom 4A
                                      )
6    SETH HOWARD WITTNER,             )  Recording method: Liberty
                                      )  9:09:50 a.m. - 9:45:24 a.m.
7                 Defendant.          )
     _____)  SENTENCING AND DISPOSITION
8
                                      *C E R T I F I E D   C O P Y*

9

10

11                         TRANSCRIPT OF PROCEEDINGS

12              BEFORE THE HONORABLE KENT J. DAWSON,
                  UNITED STATES DISTRICT JUDGE, SENIOR

13

14
     APPEARANCES:
15   For the Plaintiff:      RICHARD (TONY) ANTHONY LOPEZ, AUSA
                             United States Attorney's Office
16                           501 Las Vegas Boulevard South, Suite 1100
                             Las Vegas, Nevada 89101
17                           (702) 388-6336

18   For the Defendant:      MICHAEL PARIENTE, ESQ.
                             The Pariente Law Firm, P.C.
19                           3960 Howard Hughes Parkway, 615
                             Las Vegas, Nevada 89169
20                           (702) 966-5310

21   Recorded by:           Alana Kamaka

22   Transcribed by:        Felicia Rene Zabin
                            333 Las Vegas Boulevard South, Room 1334
23                          Las Vegas, Nevada 89101
                            (702) 676-1087
24                          FZ@nvd.uscourts.gov

25   Proceedings recorded by electronic sound recording, transcript
     produced by mechanical stenography and computer.

──────────TRANSCRIBED FROM DIGITAL RECORDING──────────

1          LAS VEGAS, NEVADA; TUESDAY, JUNE 20, 2017; 9:09:50 A.M.

2                              --oOo--

3                        P R O C E E D I N G S

4          COURTROOM ADMINISTRATOR:  All rise.

5          THE COURT:  Thank you.  Please be seated.

6          COURTROOM ADMINISTRATOR:  This is the time set for the

7   imposition of sentence in 2:17-cr-5-KJD-NJK, United States of

8   America versus Seth Wittner.

9          Counsel, your appearances, please.

10          MR. LOPEZ:  Good morning, Your Honor.  Tony Lopez on

11   behalf of the United States.

12          THE COURT:  Thank you.

13          MR. PARIENTE:  Good morning, Your Honor.  Michael

14   Pariente behalf of Mr. Wittner.  We're ready for sentencing.

15          THE COURT:  Thank you.

16          The defendant has previously appeared before the Court

17   and entered a plea of guilty to Possession of Child

18   Pornography.  Having reviewed the Presentence Report and the

19   Plea Agreement, the Court accepts the defendant's plea of

20   guilty and adjudicates him guilty of the charge.

21          The defendant has filed objections to the Presentence

22   Investigation Report.  Before we discuss those objections,

23   Mr. Pariente, do you have any additional objections?

24          MR. PARIENTE:  No, Your Honor, I do not.

25          THE COURT:  Either to the factual accuracy of the

─────TRANSCRIBED FROM DIGITAL RECORDING─────

1  report or to the probation officer's application of the

2  advisory Guidelines?

3          MR. PARIENTE:  No, Your Honor, in the sense that we've

4  outlined our objections and addressed --

5          THE COURT:  Okay.

6          MR. PARIENTE:  -- what we wanted to in the --

7          THE COURT:  Okay.

8          MR. PARIENTE:  -- Sentencing Memorandum.

9          THE COURT:  Thank you.

10         MR. PARIENTE:  Thank you.

11         THE COURT:  You did review the report; is that correct?

12         MR. PARIENTE:  That's correct, Your Honor.

13         THE COURT:  Did you go over it with Mr. Wittner?

14         MR. PARIENTE:  Yes, Your Honor.

15         THE COURT:  Thank you.

16         Sir, did you have an opportunity to read the

17  Presentence Report prepared in your case?

18         THE DEFENDANT:  Yes, I did, Your Honor.

19         THE COURT:  Did you go over it with your attorney,

20  Mr. --

21         THE DEFENDANT:  Yes, I did.

22         THE COURT:  -- Pariente?

23         Is there anything you wish to call to my attention

24  beyond that that has already been addressed by the Sentencing

25  Memorandums filed in your behalf?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Thank you.

3          The objection, which is numbered 1, relates to the

4    length of the video -- one of the videos.  And the Probation

5    Department has added a sentence to the report which notes that

6    the first two minutes of the video are only reviewable.  The

7    second matter was the use of the word "torture"; that has been

8    removed.

9          Is there anything further to discuss in Objection

10   No. 1?

11         MR. PARIENTE:  No, Your Honor.

12         THE COURT:  Thank you.

13         Objection No. 2 is to the number of videos.  The

14   contention is that 5 of the 41 are duplicates leaving the total

15   number at 36.  Probation officer was going to check with the

16   case agent to determine whether that was correct.

17         Were you able to do that?

18         MS. SCHMITT:  Yes, Your Honor, I was.  She stated that

19   the number was 41 -- it was multiple -- a couple of videos were

20   on multiple devices that he had is why she had had the number

21   of 21 videos, but it was actually 36.  But it was just on

22   multiple devices that he had one of the videos.

23         THE COURT:  Okay.

24         So there were some duplicates?

25         MS. SCHMITT:  Yes, Your Honor.

──────TRANSCRIBED FROM DIGITAL RECORDING──────

1          THE COURT:  Did you make any change to your report
2   based on that?
3          MS. SCHMITT:  I had not, Your Honor.
4          THE COURT:  Not yet.  Okay.
5          MS. SCHMITT:  I can make those with your permission.
6          THE COURT:  All right.  That will be appropriate.
7   Thank you.
8          Anything further on the objections?
9          MR. PARIENTE:  No, Your Honor.
10         THE COURT:  All right.
11         The probation officer calculated the base offense level
12   at 18.
13         Two levels are added because the material involved
14   prepubescent minor or a minor who had not attained yet the age
15   of 12 years making an adjusted level of 20.
16         Four levels are added because the offense involved
17   sadistic or masochistic conduct or other depictions of violence
18   or sexual abuse or exploitation of an infant or toddler making
19   an adjusted level of 24.
20         Two levels are added because the offense involved the
21   use of a computer or interactive computer service for
22   possession, transmission, receipt, or distribution of the
23   material or for accessing with intent to view the material
24   making an adjusted level of 26.
25         Five levels are added as the offense involved 600 or

-TRANSCRIBED FROM DIGITAL RECORDING-

1 more images making an adjusted level of 31.

2          Three-level reduction for acceptance of responsibility

3 and timely plea are applied resulting in a total offense level

4 of 28.

5          Criminal History points are zero resulting in a

6 Criminal History Category of I.

7          The maximum statutory term for the single count is

8 20 years.

9          The maximum statutory fine, $250,000.

10          A special assessment of $100 is mandatory.

11          An additional $5,000 per count is mandatory pursuant to

12 the Justice for Victims of Trafficking Act of 2015.

13          The Court has received one Victim Impact Statement from

14 the victim in the "Vicky" series who, through counsel, is

15 requesting $3,000 for restitution.

16          Based on a total offense level of 28 and a Criminal

17 History Category of I, the Guideline range is 78 to 97 months

18 with a supervised release range of 5 years to life.

19          The Guideline fine range is 12,500 to 125,000 dollars.

20          The Court has received a Sentencing Memorandum/a

21 Supplemental Sentencing Memorandum from the defendant.  The

22 Court has received a Sentencing Memorandum from the Government.

23 And I believe that the defendant probably should go first on

24 this since I see you are asking for a sentencing variance.

25          Go ahead.

─────TRANSCRIBED FROM DIGITAL RECORDING─────

1           MR. PARIENTE:  I'm sorry.  You were -- you want
2  Mr. Wittner to address you first?
3           THE COURT:  No.  I think you -- you're asking for a
4  sentencing variance.
5           MR. PARIENTE:  That's correct, Your Honor.
6           THE COURT:  So I think you should go first.  The
7  Government will respond --
8           MR. PARIENTE:  Okay.
9           THE COURT:  -- to your request.
10           MR. PARIENTE:  Your Honor, can I just proceed into
11  allocution?
12           THE COURT:  You may.  And if you wish to be seated it's
13  fine or if you wish to approach the podium you may do that.
14  Wherever you feel most comfortable.
15           MR. PARIENTE:  Your Honor, I'd prefer to approach the
16  podium if I may.
17           THE COURT:  You may do so.  Thank you.
18           MR. PARIENTE:  Thank you, Your Honor.
19           And is it the Court's preference to have Mr. Wittner
20  stand with me?  Or do you have any --
21           THE COURT:  No.  I'll give him a chance to speak once
22  you've finished.
23           MR. PARIENTE:  Thank you, Your Honor.
24           May it please the Court.  Opposing counsel.
25           Your Honor, when I was preparing my remarks for today,

─TRANSCRIBED FROM DIGITAL RECORDING─

1   I thought of someone who I imagined would be deserving of the
2   78 to the 97 months that's listed in the Presentence Report.
3   And I thought of what this person's life would be like.  I
4   imagined who -- someone who is 66 years old who is the opposite
5   of Mr. Wittner.  I imagined someone who deserves this kind of
6   sentence is someone who has done nothing in his life to better
7   society, to leave the world a better place than he found it.
8          Mr. Wittner is not that person.  He is someone who has
9   treated people as a physician assistant for the last 17 years,
10  since November of 1999.  He's never received a single complaint
11  with any reporting board in Nevada or Arizona.
12         When I thought of this hypothetical person, I thought
13  of someone who hasn't worked hard his whole life; someone who
14  hasn't gone to college.  And that's not Seth Wittner.  Seth
15  Wittner, his entire life has worked very diligently to be where
16  he is.  He is -- I think he's one -- I've represented thousands
17  of people since I was a Federal Public Defender in Texas in
18  1999.  I would have to say that Mr. Wittner is the most
19  brilliant client I've ever had.  And I say that, Your Honor,
20  because I look at the -- how multitalented Mr. Wittner is.  He
21  has actually composed -- he's composed three symphonies:  one
22  for the Dallas Symphony Orchestra, one for the San Juan
23  Capistrano Symphony, and one for the Denver Symphony Orchestra.
24  In fact, the Dallas Symphony Orchestra is one of the most
25  prestigious symphonies in the country.

─TRANSCRIBED FROM DIGITAL RECORDING─

1          He is also someone who's written a book.  He's written

2     this book about the many people that he's helped called *True*

3     *Tales from a Physician Assistant*.  He's an accomplished writer.

4     He's also written screenplays.

5          You know, it's -- he certainly has lost a lot.  He's

6     lost the trust of his family; he's lost the trust of his

7     friends for what he did.  There's no excuse, Your Honor, for

8     what he did.  Yes, the Presentence Report is correct, that it

9     does reflect the fact that he was fondled/molested by a camp

10    counselor as a child on two occasions.  But he is not here to

11    say that that's the reason he possessed these videos.

12         He is going to be a registered sex offender for the

13    rest of his life.  He will have this label on him until he

14    passes on.  And that is a tremendous -- that is a tremendous, a

15    tremendous punishment to him.  He will not be allowed to do

16    what he loves, which is to help people as he has done.  He's

17    helped thousands of people.  He has saved lives.  That's

18    something I can say I've never done is saved a life.  I know

19    very few people who have.  And he has, Your Honor.  And I

20    really think this sentence -- respectfully ask that this

21    sentence reflect that and then think about how many people that

22    he has saved.  And he will not be able to do that obviously

23    because he's convicted of this offense.  He won't be able to

24    serve as a physician assistant.  He'll have to give up his

25    license.  That, by itself, is punishment enough.

———TRANSCRIBED FROM DIGITAL RECORDING———

1    I think some sort of variance is -- I've outlined in

2 the Presentence Memorandum for Zone A, B, or C would be

3 appropriate given his extraordinary contributions to society.

4 I respectfully ask the Court to consider granting a variance

5 down to the A, B, or C level.

6    Thank you, Your Honor.

7    THE COURT:  Thank you.

8    Mr. Lopez.

9    MR. LOPEZ:  Thank you, Your Honor.

10    Based on the 3553(a) factors, the Government recommends

11 a within-Guideline sentence in this case.

12    As the Sentencing Memos make clear, the defendant's

13 possession of child pornography is not an accident; a mistake;

14 or an isolated incident.  He's just never been caught before.

15    And the record in this case demonstrates that the

16 defendant had a serious problem with child pornography for

17 years; by his own admission at one point spending three to five

18 days a week, five to six hours a day downloading as many as

19 20,000 files.  Possessing child pornography is a serious crime.

20 And, by seeking it out, the defendant is feeding the market for

21 the creation of these videos and the victimization of children.

22    The defendant admitted that he would look for new

23 pornography four times a week preferring material that had

24 shock value 95 percent of which he found was child pornography.

25 And that gives producers of child pornography a reason to keep

---TRANSCRIBED FROM DIGITAL RECORDING---

1  producing more.

2          The parties and Probation agree that the resulting

3  advisory Guidelines range is 78 to 97 months and the Government

4  requests a term of incarceration within that range.

5          With respect to supervised release, the Government

6  concurs with Probation that a 20-year term is appropriate.

7  Supervised release is not just intended to protect the

8  community but also designed to give the defendant continuing

9  accountability for his actions and a mechanism for assistance

10 when needed.

11         An interest in child pornography, especially to the

12 level the defendant has demonstrated, is not a passing

13 interest.  And, in the defendant's words, he found it

14 psychologically difficult to wean himself off of child

15 pornography despite his efforts to do so.  So the defendant

16 will need continuing sex offender treatment/rehabilitation

17 treatment after he's released from custody.  And, because the

18 defendant will need continuing treatment as well as some level

19 of supervision for a significant period of time to help

20 counterbalance the urges he has, the Government will request a

21 20-year term of supervised release.

22         Per the terms of the Plea Agreement, the Government is

23 requesting $3,000 for the identified victim that the Court

24 mentioned earlier as well as the mandatory $5,000 special

25 assessment.

——TRANSCRIBED FROM DIGITAL RECORDING——

1          The Government also requests that the Court enter a

2     Final Order of Forfeiture.  And I have an order for the Court.

3          May I approach to --

4          THE COURT:  You may approach.

5        (Brief pause.)

6          MR. LOPEZ:  And the Government requests that the Court

7     enter this order, attach it to the judgment, orally pronounce

8     that the assets in the Final Order of Forfeiture are forfeited

9     to the United States and orally pronounce the forfeiture as

10    part of the sentence.

11         And, finally, with respect to the special conditions

12    that are recommended in the PSR, the Government asks the Court

13    to impose those conditions with one minor addition.  For the

14    condition prohibiting pornography, the Government requests an

15    additional sentence, "The prohibition" -- and this is the

16    sentence right here -- "The prohibition on the defendant's

17    possession or viewing of pornography does not apply to

18    materials related to a collateral attack or used for the

19    purpose of court-mandated treatment."

20         And the reason the Government requests that sentence is

21    because the Government believes it's inconsistent with the

22    Ninth Circuit's ruling in the United States that the

23    pornography prohibition as currently phrased is too broad under

24    *United States v. Cope*, 527 F.3d 944, a Ninth Circuit decision

25    from 2008.

───TRANSCRIBED FROM DIGITAL RECORDING───

1        THE COURT:  Thank you.

2        Mr. Wittner, you have an opportunity to address the

3   Court if you wish to speak and you may do so from a seated

4   position or from the podium, either one.

5        THE DEFENDANT:  Thank you.

6     (Attorney-client discussion.)

7        THE DEFENDANT:  Your Honor, there is no excuse for the

8   despicable crime I committed.  No alcohol or other substance

9   that could have impaired that I judgment was involved.

10  Instead, I alone assume full responsibility for my actions.

11       I turned a blind eye to the lasting harm done by child

12  substance abuse.  As a result, recently some of my closest

13  friendships have either changed their nature or simply ended

14  sending me a very powerful, painful, and unmistakable message

15  as to just how far I strayed beyond the bounds of acceptable

16  behavior.

17       I've caused my sister a great deal of emotional pain as

18  well as other family members.

19       I apologize to the victims depicted in the videos I had

20  and to society in general for breaking a social contract.

21       Since last August, I have been working with a mental

22  health counselor to address my personal flaws and imperfections

23  that need addressing.  I'm doing everything I possibly can to

24  become a better person.

25       I might add that in the last 2 years, almost exactly to

—————————TRANSCRIBED FROM DIGITAL RECORDING—————————

1 this day, I have not viewed any pornography nor have I had any
2 desire to do so.  And I do not find it difficult to refrain
3 from that.
4      I hope the Court will see me as a person who's able to
5 function safely and productively in society.  And I would be
6 deeply grateful for the opportunity to continue working and/or
7 to do community service.
8      One thing I believe I would be good at is helping
9 adults with limited literacy skills to grow stronger in that
10 regard.
11      Thank you very much, Your Honor.
12      THE COURT:  Thank you.
13      The Court has read all of the materials submitted by
14 the parties, the Sentencing Memorandums.  The Court has
15 reviewed the report of -- up in chambers.  The issue before the
16 Court at this time is what would be an appropriate sentence
17 given the sentencing factors of the federal statute.
18      I do not believe that a substantial variance, as
19 requested by the defendant, would comport with the factors the
20 Court is required to consider in issuing sentences.  A sentence
21 that involved probation would not take into consideration the
22 seriousness of the crime; would not promote respect for the
23 law; notwithstanding the defendant's many other accomplishments
24 in life, it would not provide deterrence to future criminal
25 conduct or protect the public from further crime of the

––––––––TRANSCRIBED FROM DIGITAL RECORDING––––––––

1  defendant.

2        The reason that I make these statements is that the

3  defendant's use of child pornography goes back almost 40 years.

4  He has been strongly attracted to child pornography from 1974

5  on when he first viewed it in Norway.  His last adult

6  relationship was also about that long ago.  He -- in his

7  statements to Dr. Chambers, he acknowledged that he had had his

8  last adult relationship when he graduated from Reed, which was

9  44 years ago.

10        The defendant makes the point that he did not molest

11 children or act out his attraction to children; however, as he

12 has somewhat acknowledged just now, the crime is in possessing

13 and viewing; and victims are revictimized by the distribution

14 and viewing by secondary persons or persons who did not

15 actually instigate the crimes but distributed evidence of child

16 molestation.

17        I think notwithstanding his many accomplishments that

18 attraction to child pornography is a problem, which he

19 acknowledges and is attempting to deal with.  But I don't

20 believe that that is as easily dismissed as sending someone on

21 probation and ordering them to counseling or community service.

22        His low-end sentence with good time, which I expect

23 he'll receive, will be something less than 78 months, which is

24 the low end.  It'll probably be more in the range of 5 to 6

25 years rather than 6 and a half years because of good time and

——TRANSCRIBED FROM DIGITAL RECORDING——

1  also the authority of the Department of Prisons to put the

2  defendant in a halfway house toward the end of his sentence.

3        So I don't believe that the defendant has shown a basis

4  for a sentencing variance.  The fact that he has done many good

5  deeds is not an uncommon situation.  Many of the people that

6  come before the Court on these charges are very talented and

7  have good jobs and records of community service.  But I'm not

8  here to judge his entire life; I'm here to determine what

9  should be done in response to the crimes that have been

10 committed.

11       So, having considered the sentencing factors, the Court

12 finds that a low-end sentence of 78 months will achieve the

13 purposes of sentencing; will be not more than necessary to

14 accomplish those purposes taking into consideration the

15 advisory Guidelines and the sentencing factors of the federal

16 statute.

17       The Court orders forfeiture as provided in the proposed

18 Final Order of Forfeiture, which has been presented to the

19 Court, making the findings as set forth in the written order.

20       Court further orders restitution in the amount of

21 $5,000 as a special assessment pursuant to the Justice for

22 Victims of Trafficking Act of 2015.  The Court orders $3,000 in

23 restitution to Carol Hepburn in trust for the "Vicky" series

24 videos, a victim.

25       Court imposes the mandatory penalty assessment of $100.

TRANSCRIBED FROM DIGITAL RECORDING

1          Forfeiture and restitution and penalty are due

2    immediately.

3          The fine is waived on recommendation of the Probation

4    Department.

5          Supervised release is imposed for a term of 20 years.

6          While on supervised release, the defendant shall comply

7    with the standard conditions as recommended by the Sentencing

8    Commission and the following mandatory conditions required by

9    statute:

10          First, you shall not commit another federal, state, or

11    local crime.

12          You must not possess illegal controlled substances.

13          The Court suspends the condition for drug testing based

14    on the Court's determination that the defendant poses a low

15    risk of future substance abuse.  However, that condition can be

16    imposed after notice to the Court in a hearing that that

17    determination is no longer supported.

18          You must cooperate in the collection of DNA as directed

19    by the probation officer.

20          In addition, the following special conditions are

21    imposed:

22          You shall not possess, own, view, use, or read any

23    material depicting and/or describing "sexually explicit

24    conduct" involving children, as defined by 18 U.S.C. § 2256(2),

25    or "actual sexually explicit conduct" involving adults, as

——TRANSCRIBED FROM DIGITAL RECORDING——

1  defined by 18 U.S.C. § 2257(h)(1).  This prohibition includes,

2  but is not limited to, computer images, pictures, photographs,

3  books, writings, drawings, videos, or video games.  The

4  definition under 18 U.S.C. § 2256(2) means actual or simulated

5  (a) sexual intercourse, including genital-genital,

6  oral-genital, or oral-anal, whether between the same or

7  opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or

8  masochistic abuse; or (e) lascivious exhibition of the genitals

9  or pubic area of any person.  The definition under 18 U.S.C.

10  § 2257(h)(1) means actual, but not simulated, conduct as

11  defined in clauses (a) through (e) above.  Further, the

12  defendant shall no patronize any place where the primary

13  purpose is related to such material or entertainment.  This

14  condition does not apply to materials related to a collateral

15  attack or use for the purpose of court-mandated treatment.

16          Second special condition, No Contact with Minors — The

17  defendant shall not associate with children under the age of 18

18  without the consent of a parent or guardian who is aware of the

19  nature of the defendant's background and offense conduct.

20  Further, the association shall only occur in the presence a

21  responsible adult who is also aware of the nature of the

22  defendant's background and offense conduct.  The consent and

23  notification shall be confirmed and approved by the probation

24  officer in advance.  The defendant shall not loiter within 100

25  feet of places primarily used by children under the age of 18.

─────────────── TRANSCRIBED FROM DIGITAL RECORDING ───────────────

1   This includes, but is not limited to, school yards,

2   playgrounds, arcades, public swimming pools, water parks, and

3   day care centers.  The defendant shall not engage in any

4   occupation, either paid or volunteer, that caters primarily to

5   known persons under the age of 18.  The word "primarily" is

6   added to the recommendation of the Probation Department.

7            3.  Computer Restriction and Monitoring ─ Defendant

8   shall keep the probation officer accurately informed of all

9   computers and computer-related digital devices or equipment

10  with memory and/or wireless capabilities that he owns, uses,

11  possesses, or has access to.  This includes, but is not limited

12  to, desktop, laptop, and tablet computers, smartphones,

13  cameras, digital readers, and thumb drives.  The defendant

14  shall provide to the probation officer all device and program

15  passwords and Internet Service Provider information upon

16  request.  The defendant shall consent to the installation of

17  any hardware or software systems on any computer or

18  computer-related digital device, to monitor the use of said

19  equipment, at the direction of the probation officer; and the

20  defendant agrees not to tamper with such hardware or software

21  and not install or use any software programs designed to hide,

22  alter, or delete his computer activities.  Further, the

23  defendant shall consent to the inspection, imaging, copying of

24  data, or removal of any device to ensure compliance with

25  conditions.

─TRANSCRIBED FROM DIGITAL RECORDING─

1          4.  Notice to Employer of Computer Restriction —

2  Defendant shall consent to third-party disclosure to any

3  employer, or potential employer, concerning any

4  computer-related restrictions that are imposed upon him.  This

5  includes activities in which the defendant is acting as a

6  technician, advisor, or consultant with or without any monetary

7  gain or other compensation.

8          5.  Pre-approved Residence — The defendant's residence

9  shall be pre-approved by the probation officer.  Defendant

10  shall not reside in a location that has a direct view of places

11  such as school yards, parks, public swimming pools,

12  recreational centers, playgrounds, day care or youth centers,

13  video arcade facilities, or other places that are primarily

14  used by children under the age of 18.

15          6.  Warrantless Search — You shall submit to the search

16  of your person, property, residence, place of business, and

17  vehicle under your control to a search, conducted by the

18  probation officer or an authorized person under the immediate

19  and personal supervision of the probation officer, without a

20  warrant to ensure compliance with the conditions of release.

21  Any search to be conducted at a reasonable time and in a

22  reasonable manner based upon reasonable suspicion of contraband

23  or evidence of a violence of a condition of supervision;

24  failure to submit to the search may be grounds for revocation.

25  And you shall inform other residents the premises may be

———TRANSCRIBED FROM DIGITAL RECORDING———

1  subject to search pursuant to this condition.

2      (Brief pause.)

3          THE COURT:  One additional mandatory condition — You

4  must comply with the requirements of the Sex Offender

5  Registration and Notification Act (42 U.S.C. § 16901, *et seq.*)

6  as directed by the probation officer, the Bureau of Prisons, or

7  any state sex offender registration agency in which you reside,

8  work, or are a student, or were convicted of a qualifying

9  offense.

10          Have I covered all the conditions?

11          MS. SCHMITT:  Your Honor, did you get Condition No. 7

12  for Sex Offender Treatment?  It's on the last page, 24.

13          THE COURT:  Let me see here.

14      (Brief pause.)

15          THE COURT:  No, it's not -- it hasn't been addressed.

16          Sex Offender Treatment — The defendant shall attend,

17  cooperate with, and actively participate in a sex offender

18  treatment program, which may include polygraph examinations, as

19  approved and directed by the probation officer, and as

20  recommended by the assigned treatment provider.

21          The restitution list and the Final Order of Forfeiture

22  will be attached to and become part of the Judgment and

23  Conviction in this case.

24          The defendant waived his right to appeal pursuant to

25  the terms of the Plea Agreement.  However, certain appellate

─────────── TRANSCRIBED FROM DIGITAL RECORDING ───────────

1  rights cannot be waived.  If you wish to exercise any right of

2  appeal, you have 14 days from this date in which to file the

3  Notice of Appeal.  If you cannot afford an attorney for

4  purposes of the appeal one will be appointed to represent you.

5  If you cannot afford a transcript one will be ordered for your

6  use on appeal.

7          Is there a request for designation?

8          MR. PARIENTE:  Yes, Your Honor.  We do respectfully

9  request anywhere in the area of Massachusetts.  I believe

10  there's a FCI --

11          THE DEFENDANT:  Fort Devens.

12          MR. PARIENTE:  -- Fort Devens, D-e-v-o-n-s [sic].

13     (Attorney-client discussion.)

14          THE COURT:  Court recommends Fort Devens or as close

15  thereto as possible.

16          MR. PARIENTE:  Thank you, Your Honor.

17          THE COURT:  The next matter is the issue of remand.

18          The probation officer is recommending self-surrender

19  with an additional condition:  "[Indiscernible] technical

20  compliance, we respectfully request that the Court modify the

21  defendant's travel restriction to provide our office with

22  discretion in establishing travel boundaries solely to

23  accommodate the defendant's self-surrender to the designated

24  BOP institution."

25          Is there any objection to that?

—————————TRANSCRIBED FROM DIGITAL RECORDING—————————

1          MR. LOPEZ:  No, Your Honor.

2          MS. SCHMITT:  No, Your Honor.  That's correct.

3          I have an additional matter, though, Your Honor, to

4   discuss with the Court.

5          During the term of supervision with this defendant, we

6   seized a laptop and a thumb drive.  We're asking the Court's

7   permission to return that property to his family -- his family

8   member who is present in court.

9          THE COURT:  I understand the examination showed no

10  prohibited material; is that correct?

11         MS. SCHMITT:  It's my understanding, Your Honor, the

12  laptop was never examined.

13         THE COURT:  Okay.

14         MR. LOPEZ:  Your Honor, I believe on the scene the

15  laptop was previewed at that time and there was no

16  contraband --

17         THE COURT:  Okay.

18         MR. LOPEZ:  -- found on the laptop.  And the Government

19  has no suggestion -- no --

20         THE COURT:  All right.

21         MR. LOPEZ:  -- no objection.

22         MS. SCHMITT:  That's correct, Your Honor.

23         THE COURT:  Oh, all right.  Thank you.  So that will be

24  the order, it may be returned to a member of his family.

25         MS. SCHMITT:  Thank you, Your Honor.

────────TRANSCRIBED FROM DIGITAL RECORDING────────

1        THE COURT:  Any objection to the additional term of

2   self-surrender?

3        MR. PARIENTE:  None at all, Your Honor.

4        THE COURT:  All right.  That will be the order,

5   self-surrender, 90 day.

6        COURTROOM ADMINISTRATOR:  Your Honor, that'll be

7   Friday, September 22nd, 2017.

8        THE COURT:  To the designated institution.

9        That date again.

10        COURTROOM ADMINISTRATOR:  Friday, September 22nd, 2017.

11        THE COURT:  Thank you.

12     (Brief pause.)

13        THE COURT:  Is there any objection to the Victim Impact

14   Statement and restitution request being made part of the record

15   in this case?

16        MR. PARIENTE:  No, Your Honor.

17        MR. LOPEZ:  No, Your Honor.

18        THE COURT:  That will be the order.

19        Anything further?  Yes.  The record will reflect the

20   probation officer is handing the defendant a copy of the

21   conditions of supervision of the District of Nevada, English

22   language version.

23        Thank you.

24        MR. PARIENTE:  Thank you, Your Honor.

25     (Proceedings concluded at 9:45:24 a.m.)

─────────TRANSCRIBED FROM DIGITAL RECORDING─────────

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF NEVADA

3

4 UNITED STATES OF AMERICA,      )  Case No. 2:17-cr-005-KJD-NJK
                                 )
5               Plaintiff,       )  Las Vegas, Nevada
                                 )  Tuesday, June 20, 2017
6          vs.                   )  Courtroom 4A
                                 )
7 SETH HOWARD WITTNER,           )  Recording method: Liberty
                                 )  9:09:50 a.m. – 9:45:24 a.m.
8               Defendant.       )
                                 )  SENTENCING AND DISPOSITION
9

                    *CERTIFIED COPY*

10

11

12              C E R T I F I C A T E

13

14      I, Felicia Rene Zabin, court-approved transcriber,

15 certify that the foregoing is a correct transcript transcribed

16 from the official electronic sound recording of the proceedings

17 in the above-entitled matter.

18

19      /s/ FELICIA RENE ZABIN          July 27, 2017
          Felicia Rene Zabin                  Date
20

21

22

23

24

25