# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br>SETH WITTNER,<br>　　　　　　Defendant. | Case No. 2:17-cr-00005-KJD-NJK<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Reconsider Imposed Sentence (#23). The Government filed a response (#25). Defendant claims this Court erred in sentencing him when it considered "the entirety" of an evaluation of Defendant prepared by a clinical and forensic psychologist, Dr. Mark Chambers. This evaluation was attached to the sentencing memorandum submitted by Defendant (#17). At sentencing, the Court imposed a low-end term of incarceration of 78 months.

Under Federal Rule of Criminal Procedure 35(c), "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(c) "clearly is intended to allow a district court to modify a sentence only in very limited instances and *not* merely to 'reconsider sentencing issues." United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). "Rule 35(c) is intended to permit the district court to correct 'obvious' sentencing

errors, 'but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error.'" United States v. Aguirre, 213 F.3d 1122, 1126 (9th Cir. 2000) (quoting United States v. Portin, 20 F.3d 1028, 1030 (9th Cir. 1994)).

Defendant puts forth no evidence of any such Rule 35(c) error, but instead suggests that the Court's consideration of his admissions made to Dr. Chambers and contained in his evaluation is "punish[ing] [him] for being honest." (#23, at 2). Defendant argues "[p]unishing defendants for statements they make while seeking help from a treating therapist sends the wrong message to other defendants." (#23, at 2).

Defendant received a sentence on the low-end of the guideline range,[1] and he himself submitted Dr. Chambers's evaluation as part of his sentencing memorandum. (#17, at 11–17). Defendant may not submit Dr. Chambers's evaluation for only the points he believes to be favorable to him— had Defendant not wanted the Court to consider all of his admissions, he could have chosen not to submit the report for consideration. Regardless, Defendant has not been treated unfairly, and his claim presents no legal basis for reconsideration. Thus, his imposed sentence must stand.

Accordingly, IT IS HEREBY ORDERED that Defendants Motion for Reconsideration of Imposed Sentence (#23) is **DENIED**.

Dated this 1st day of May, 2018.

Kent J. Dawson
United States District Judge

---

[1] "Based on a total offense level of 28 and a Criminal History Category of I, the Guideline range is 78 to 97 months with a supervised release range of 5 years to life." Sentencing Transcript, #27, at 6.