LAW OFFICE OF JAY A. NELSON
Jay A. Nelson
Admitted Pursuant to LR IA 11-2
637 SW Keck Drive, No. 415
McMinnville, OR 97128
Telephone: (503) 857-0873
Facsimile: (503) 419-4371
Email: jay@jayanelson.com

RESCH LAW, PLLC d/b/a Conviction Solutions
Jamie J. Resch
Nevada Bar Number 7154
2620 Regatta Dr., Suite 102
Las Vegas, Nevada, 89128
Telephone: (702) 483-7360
Facsimile: (800) 481-7113
Email: jresch@convictionsolutions.com

Attorneys for Defendant Seth Wittner

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SETH WITTNER,<br><br>　　　　　Defendant. | Case No. 17-Cr.-05-KJD-NJK<br>Related Case No. 18-Cv.-1085-KJD<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS, the Court has established a deadline of January 31, 2020 for Defendant Seth Wittner to file amended briefing and supporting materials under 28 U.S.C. § 2255 (ECF No. 43);

WHEREAS, Mr. Wittner anticipates that in order to adequately present his section 2255 claims for the Court's consideration, it will likely become necessary for him to make factual representations to the Court—through, for example, a declaration and/or testimony—that may, at least arguably, implicate evidentiary privileges such as his Fifth Amendment right against self-incrimination, the attorney-client privilege, and the attorney work product doctrine;

WHEREAS, the Ninth Circuit has held that the waiver of such privileges in a collateral proceeding "is narrow and courts must limit the use of any privileged testimony to litigation of the habeas claim." *See Lambright v. Ryan*, 698 F.3d 808, 822-25 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 720-27 (9th Cir. 2003) (*en banc*);

WHEREAS, it furthers the fair and efficient administration of justice for the Court to proactively declare Mr. Wittner's rights in this regard through the issuance of a protective order. *See, e.g.*, *Bittaker*, 331 F.3d at 721, 727-28;

The parties hereby STIPULATE AND AGREE, subject to the approval of the Court, that any waiver of Mr. Wittner's Fifth Amendment rights, attorney-client privilege, and/or attorney work product doctrine in connection with the instant section 2255 proceedings shall be narrowly construed; that the use of any such privileged information shall be limited to the litigation of Mr. Wittner's section 2255 claims; that such information may not be used for any other purpose, including but not limited to subsequent court proceedings such as resentencing; and that the government may not

1

disclose formerly privileged information to any persons other than personnel assisting with these section 2255 proceedings.

IT IS SO STIPULATED.

DATED: January 13, 2020

*/s/ Jay A. Nelson*
JAY A. NELSON
Attorney for Seth Wittner

DATED: January 13, 2020

*/s/ Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

## CERTIFICATION

By presenting the signatures set forth above, the filing attorney hereby certifies that he has received authorization to present this stipulation on behalf of both parties.

IT IS SO ORDERED.

_____
THE HONORABLE KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

DATED: 1/30/2020

**P**ROOF OF **S**ERVICE

I, Jay A. Nelson, certify that I have served all parties in this matter by filing the foregoing pleading electronically, as set forth by LR IC 4-1 and LCR 49-1.

DATED: January 13, 2020

*/s/ Jay A. Nelson*
JAY A. NELSON